IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VELCERA, INC. AND FIDOPHARM, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MERIAL LIMITED, ) <br> ) <br> Defendant, ) <br> ) <br> *and* ) <br> ) <br> MERIAL LIMITED AND BASF AGRO, B.V., ) <br> ARNHEM (NL), WÄDENSWIL BRANCH, ) <br> ) <br> Counterclaim-Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> VELCERA, INC. AND FIDOPHARM, INC., ) <br> ) <br> Counterclaim-Defendants, ) <br> ) <br> *and* ) <br> ) <br> VELCERA, INC. AND FIDOPHARM, INC., ) <br> ) <br> Counterclaim-Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BASF AGRO, B.V., ARNHEM (NL), ) <br> WÄDENSWIL BRANCH, ) <br> ) <br> Counterclaim-Defendant. ) | C.A. No. 11-134 (GMS) |

**ORDER**

WHEREAS, on February 11, 2011, Velcera, Inc. and FidoPharm, Inc. (collectively, "Velcera") filed a complaint for declaratory relief against Merial Limited ("Merial") (D.I. 1);[1]

WHEREAS, on March 7, 2011, Merial filed an answer and affirmative defenses, and Merial and BASF Agro B.V., Arnhem (NL), Wädenswil Branch ("BASF") filed counterclaims and a jury demand (D.I. 6);[2]

WHEREAS, on March 31, 2011, Velcera filed a reply to the aforementioned counterclaims and filed a counterclaim for declaratory relief against BASF (D.I. 9);

WHEREAS, on April 21, 2011, BASF filed a reply to Velcera's counterclaim (D.I. 17);

WHEREAS, on June 21, 2011, Judge Clay Land ("Judge Land"), of the U.S. District Court for the Middle District of Georgia, issued a final order finding that Velcera "acted in concert with Cipla in violation of the Court's [2008] order" (D.I. 32, Ex. 1 at 1-3.);[3]

---

[1] Velcera's complaint seeks a declaratory judgment of (1) noninfringement of U.S. Patent No. 6,096,329 (the "'329 patent"), (2) invalidity of the '329 patent, (3) noninfringement of U.S. Patent No. 6,620,943 (the "'943 patent"), (4) invalidity of the '943 patent, (5) noninfringement of U.S. Patent No. 6,881,848 (the "'848 patent"), and (6) invalidity of the '848 patent. (D.I. 1.)

[2] Merial and BASF allege infringement of (1) the '329 patent, (2) the '943 patent, and (3) the '848 patent. (D.I. 6.)

[3] In 2007, Merial Limited and Merial SAS (collectively, "Merial") filed a complaint against Cipla Limited ("Cipla") for infringement of two patents, including the '329 patent, in the U.S. District Court for the Middle District of Georgia. (D.I. 32, Ex. 1 at 5.) Cipla failed to respond to the complaint. (Id.) In 2008, Judge Land entered a default judgment finding that the '329 patent was (a) valid and enforceable and (b) infringed by Cipla for "having made and sold in the United States veterinary products containing the active ingredients fipronil and methoprene and containing inactive ingredients that serve as an adjuvant . . . ." (Id.) Judge Land also issued an order for injunctive relief against "[Cipla], as well as those persons and entities in active concert with [Cipla] who have notice of this order." (Id. at 6.) "On March 28, 2011, shortly after Merial discovered that Cipla was Velcera's source of PetArmor Plus, Merial moved for contempt against Cipla based on its violation of the 2008 Georgia Injunction." (D.I. 31 at 5.) On April 8, 2011, Velcera and FidoPharm (collectively, "Velcera") intervened in the action. (Id.; D.I. 75, Ex. 1 at 1 n.1.) "After Velcera launched its PetArmor Plus product in the United States during the week of April 11, 2011, Merial promptly moved for an order to show cause as to why Velcera should not also be found in contempt." (D.I. 31 at 5; Ex. 1 at 1 n.1.) On June 21, 2011, after a two-day evidentiary hearing, written briefing, and oral argument, Judge Land found that Cipla and Velcera violated the 2008 order. (D.I. 32, Ex. 1 at 2; Id. at 48.) Consequently, the parties were ordered to produce all existing inventory in the U.S. to Merial for destruction, and a hearing to determine damages and monetary sanctions will be held. (Id. at 46-47.) Also, Velcera was "permanently enjoined from selling, causing to be sold, offering for sale, and causing to be offered for sale in the United States veterinary products for which Cipla participated in the development, manufacture, and/or packaging, which products contain fipronil and methoprene, regardless of the brand name, including but not limited to the veterinary products Protektor Plus, PetArmor Plus, TrustGard Plus, and Velcera Fipronil Plus." (Id. at 47-48.) Judge Land noted that the "Court intends to limit the specific injunctive relief against Velcera to its conduct in concert with Cipla." (Id. at 48.) Finally, Judge Land entered final judgment pursuant to Fed. R. Civ. P. 54(b) "to facilitate an immediate appeal of [the] Order" and "stay[ed] the enforcement of [the] Order for sixty (60) days from the entry of it." (Id.)

WHEREAS, on June 23, 2011, the parties participated in a telephone conference with this court, and the court issued a stay until resolution of the motion to dismiss this matter (D.I. 27);

WHEREAS, on July 1, 2011, Merial and BASF filed a motion to dismiss the plaintiffs' "complaint for declaratory judgments of noninfringement and invalidity for lack of subject matter jurisdiction because such claims for declaratory judgments are moot" pursuant to Fed. R. Civ. P. 12(b)(1), or, alternatively, based on the court's "discretion to decline to entertain Velcera's complaint" (D.I. 30);

WHEREAS, on July 19, 2011, Velcera and FidoPharm filed an answering brief in opposition to the motion to dismiss (D.I. 33);

WHEREAS, on July 26, 2011, Merial and BASF filed a reply brief in support of the motion to dismiss (D.I. 36);

WHEREAS, the court having considered this pending motion, the response and reply thereto, and the applicable law, concludes that subject matter jurisdiction does not exist for the claims related to the '329 patent and the PetArmor Plus product, but subject matter jurisdiction does exist for the claims related to the '943 patent, '848 patent, and PetArmor products;

IT IS HEREBY ORDERED that the motion to dismiss filed by Merial and BASF (D.I. 30) is GRANTED-IN-PART and Count I – Declaratory Judgment of Noninfringement of the '329 Patent – and Count II – Declaratory Judgment of Invalidity of the '329 Patent – of Velcera's complaint are dismissed;[4]

IT IS FURTHER ORDERED that Count I – Claim For Infringement of the '329 Patent – of the counterclaim filed by Merial and BASF is dismissed as moot.[5]

Dated: August 3, 2011

CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Declaratory Judgment Act requires "a case of actual controversy" in order for federal court jurisdiction to exist. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 127 (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Moreover, "an actual controversy must be extant at all stages of review, not merely at the time the complaint [was] filed." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1345 (Fed. Cir. 2007) (citation omitted). Also, when "a declaratory-judgment plaintiff attempts to ground jurisdiction on activities involving distinct, technologically different products, the court must carefully calibrate its analysis to each of the products." *Sierra Applied Scis., Inc. v. Advanced Energy Indus.*, 363 F.3d 1361, 1374 (Fed. Cir. 2004). Here, in light of the Georgia court's recent order, Velcera's assertions as to the '329 patent are moot. (See D.I. 32, Ex. 1; See also footnote 3.) Regardless of the procedural history of the Georgia case, Velcera is subject to that court regarding its present activities pertaining to the '329 patent and its current PetArmor Plus product. (Id.) Given the current injunction and the fact that Velcera does not have a new, non-enjoined product containing fipronil and methoprene, there is no actual controversy between the parties. Any dispute regarding the Georgia court's order is properly raised before that court or on appeal to the Federal Circuit. (D.I. 32, Ex. 1 at 46-48.) Indeed, Velcera is seeking an expedited appeal of the contempt order to the Federal Circuit. (D.I. 33 at 20.) Nonetheless, there is a live controversy regarding Velcera's assertions as to the '943 and '848 patents. Unlike the '329 patent, which is a composition patent requiring fipronil and methoprene, the '943 and '848 patents are method patents directed to the process for making fipronil technical. (D.I. 33 at 10; D.I. 36 at 9.) Fipronil is an active ingredient for Velcera's PetArmor products, which Velcera asserts are currently on the market. (D.I. 33 at 11; D.I. 34, Exs. B-D.) Therefore, as to the PetArmor products and the '943 and '848 patents, the requirements of *MedImmune* are met and the claims are ripe for adjudication.

[5] Velcera and BASF requested that "[s]hould the Court dismiss Velcera's Complaint" then they "further request that the Court dismiss as equally moot Merial and BASF's counterclaims." (D.I. 31 at 3 n.4.) Therefore, since the court is dismissing Counts I and II of Velcera's complaint, which pertain to the '329 patent, the court will also dismiss Count I of Merial and BASF's counterclaims, which pertains to the '329 patent. (D.I. 1 at 10; D.I. 6 at 16.)

4