IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VELCERA, INC. AND<br>FIDOPHARM, INC., | |
| Plaintiffs, | C.A. No. 11-134-GMS |
| v. | |
| MERIAL LTD. | JURY TRIAL DEMANDED |
| Defendant, | |
| and | |
| MERIAL LTD., AND<br>BASF AGRO B.V., ARNHEM (NL),<br>WÄDENSWIL BRANCH, | |
| Counterclaim-Plaintiffs, | |
| v. | |
| VELCERA, INC. AND<br>FIDOPHARM, INC., | |
| Counterclaim-Defendants. | |
| and | |
| VELCERA, INC. AND<br>FIDOPHARM, INC., | |
| Counterclaim-Plaintiffs, | |
| v. | |
| BASF AGRO B.V., ARNHEM (NL),<br>WÄDENSWIL BRANCH, | |
| Counterclaim-Defendant. | |

**STIPULATED PROTECTIVE ORDER
FOR LIMITED MANUFACTURING PROCESS DISCOVERY**

This Stipulated Protective Order, effective as of February ___, 2012, is made by and between Plaintiffs Velcera, Inc. and FidoPharm, Inc. ("Plaintiffs") and Counterclaim-Plaintiff BASF Agro B.V., Arnhem (NL), Wädenswil Branch (Counterclaim-Plaintiff) (collectively the "Parties").

NOW, THEREFORE, the Parties agree as follows, and the Court hereby orders:

## I. PURPOSE

The purpose of this Protective Order is to provide to the Plaintiffs a means for limiting disclosure of and protecting Highly Confidential Information contained in the Limited Manufacturing Process Discovery to be provided under the November 11, 2011 Joint Stipulation and Order to Stay the Case ("Joint Stipulation").

## II. DEFINITION OF HIGHLY CONFIDENTIAL MATERIALS

"HIGHLY CONFIDENTIAL INFORMATION" comprises or contains information relating to Limited Manufacturing Process Discovery that the Plaintiffs claim in good faith to constitute or relate to sensitive (1) research, development, or technical information that is not publicly available and provides a technical or commercial advantage to its possessor; (2) business, financial, or commercial information that is not publicly available and provides a commercial advantage to its possessor; or (3) information that an opposing Party would not have access to but for this exchange of information. HIGHLY CONFIDENTIAL INFORMATION may include, without limitation, any non-public information concerning the design, development and manufacturing of products, research and development, product analysis, sales and marketing, business relationships including customers, personnel information, and patents and patent applications.

"CONFIDENTIAL TECHNICAL SAMPLE" means a representative sample of

technical fipronil that has been incorporated into the fipronil-containing products that Plaintiffs have made, had made, used, offered to sell or sold in the United States, or imported into the United States.

### III. DISCLOSURE AND USE OF CONFIDENTIAL MATERIALS

#### A. Scope

This Protective Order shall encompass all HIGHLY CONFIDENTIAL INFORMATION and any CONFIDENTIAL TECHNICAL SAMPLE produced in this action pursuant to the Joint Stipulation, except that this Protective Order shall not encompass information (a) that is in the possession of or otherwise known to the public before the date of its transmission to the Counterclaim-Plaintiff, (b) that lawfully comes into the possession of the Counterclaim-Plaintiff by means other than by production (i) by Plaintiffs or (ii) during discovery in other litigations, and that is not subject to any protective order or other confidentiality obligations, or (c) that lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Counterclaim-Plaintiff, provided that such information does not become publicly known by any act or omission of the Counterclaim-Plaintiff that would be in violation of this Protective Order.

#### B. Purpose

HIGHLY CONFIDENTIAL INFORMATION and any CONFIDENTIAL TECHNICAL SAMPLE shall be used solely for purposes of and in connection with this action, and shall not be used for any other purpose.

#### C. Confidentiality

HIGHLY CONFIDENTIAL INFORMATION, any CONFIDENTIAL TECHNICAL SAMPLE and the information derived from such HIGHLY CONFIDENTIAL

INFORMATION or CONFIDENTIAL TECHNICAL SAMPLE (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated or disclosed in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order. Counterclaim-Plaintiff shall maintain HIGHLY CONFIDENTIAL INFORMATION and any CONFIDENTIAL TECHNICAL SAMPLE in strict confidence, and exercise all reasonable steps to safeguard its confidentiality.

### IV. PROCEDURE FOR MARKING CONFIDENTIAL MATERIALS

In the case of documents or any other tangible thing produced, designation shall be made by placing a legend such as "HIGHLY CONFIDENTIAL INFORMATION" or "CONFIDENTIAL TECHNICAL SAMPLE" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing.

### V. DISCLOSURE OF DESIGNATED MATERIALS

#### A. Disclosure of HIGHLY CONFIDENTIAL INFORMATION

Unless otherwise directed by the Court or authorized in writing by the Producing Party, HIGHLY CONFIDENTIAL INFORMATION under this Protective Order may be disclosed only to (i) outside counsel for the Counterclaim-Plaintiff who have entered an appearance in this action, including support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with this action and (ii) Dr. Jeffrey Winkler, an expert retained by the Counterclaim-Plaintiff.

Before Dr. Winkler has access to HIGHLY CONFIDENTIAL INFORMATION, he must execute the Notice of Adherence attached hereto as Exhibit A, and a copy of such executed Notice

of Adherence must be served on counsel of record for Plaintiffs.

Any person who has accessed HIGHLY CONFIDENTIAL INFORMATION shall be prohibited, during the pendency of this case and for a period of one (1) year following the final disposition of this litigation matter, whether by judgment including exhaustion of all appeals, settlement, or otherwise, from participating either directly or indirectly, in Patent Prosecution as defined below.

For purposes of this Protective Order, Patent Prosecution shall be defined as preparing and filing patent applications, preparing, drafting, filing, or responding to office actions, signing oaths or declarations as an inventor[1] or prosecuting any pending or future patent application, or substantively advising or assisting in any part of those activities, with respect to any patent application disclosing or claiming (in whole or in part) subject matter relating to the chemical synthesis or manufacture, or the specific chemical formulation or chemical composition, of: (a) fipronil or (b) fipronil-based insecticidal treatments for animals or agricultural crops. Patent Prosecution does not include post-patent grant proceedings. However, anyone subject to the foregoing Patent Prosecution bar provision shall not participate in the amendment or addition of patent claims in such post-patent grant proceedings.

For purposes of these proceedings, Patent Prosecution shall not include the administrative or managerial aspects of overseeing a Patent Portfolio or merely serving as the corresponding attorney of record with a patent office.

### B. Disclosure of CONFIDENTIAL TECHNICAL SAMPLE

Unless otherwise directed by the Court or authorized in writing by the Producing

---

[1] Executing such documents solely as a legal representative without substantive involvement shall not trigger the Patent Prosecution bar.

Party, any CONFIDENTIAL TECHNICAL SAMPLE under this Protective Order may be disclosed only to (i) any persons qualified to receive HIGHLY CONFIDENTIAL INFORMATION under this Protective Order and additionally the following current employees of Counterclaim-Plaintiff: (ii) Alissa Zeller, employed as an in-house counsel, and (iii) Maximilian Dochnahl, employed as a process chemist, and Christian Spangler, employed as an analytical chemist. With respect to the in-house counsel and in-house chemists identified in (ii) and (iii) above, BASF shall ensure that those individuals read and understand this Order before they are given access to any CONFIDENTIAL TECHNICAL SAMPLE, and BASF shall assume all liability for any breach of the terms of this Order by such individuals.

## VI. RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS

### A. Counsel's Right to Provide Advice

Nothing in this Protective Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to this action, and in the course thereof, relying upon an examination of HIGHLY CONFIDENTIAL INFORMATION or any CONFIDENTIAL TECHNICAL SAMPLE, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any HIGHLY CONFIDENTIAL INFORMATION or any CONFIDENTIAL TECHNICAL SAMPLE to anyone not authorized to receive such materials pursuant to the terms of this Protective Order. Further, in-house and/or outside counsel for BASF shall be allowed to provide to counsel of record in this Action for Defendant and Counterclaim-Plaintiff Merial Limited ("Merial") their opinions or conclusions regarding whether the patent rights asserted by BASF and Merial in the Action relating to manufacturing fipronil have been implicated by any activities of Plaintiffs. In doing so, an examination of HIGHLY CONFIDENTIAL

INFORMATION or any CONFIDENTIAL TECHNICAL SAMPLE provided may be relied upon, but in providing such opinions or conclusions and in otherwise communicating with Merial's counsel, BASF and its counsel shall not disclose any content of HIGHLY CONFIDENTIAL INFORMATION or of any CONFIDENTIAL TECHNICAL SAMPLE to anyone not authorized to receive such materials pursuant to the terms of this Protective Order. To the extent necessary, the Parties shall meet and confer in good faith regarding the scope and content of any additional information that may be shared with counsel for Merial Limited.

### B. Maintenance of Confidential Material

Material designated HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL TECHNICAL SAMPLE shall be maintained in the custody of counsel for the parties except that partial or complete copies of these materials may be retained by persons entitled to access of such materials under the terms of this Protective Order to the extent necessary for their study, analysis and preparation of the case. Each recipient of material designated HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL TECHNICAL SAMPLE shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.

### C. Pleadings Containing Confidential Material Prohibited

Absent agreement of the Parties, no party shall file any pleading, brief, exhibit or other paper with the Court that contains, quotes, discusses or otherwise reveals material designated HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL TECHNICAL SAMPLE.

### D. Inadvertent Failure to Designate

Production of any material without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing party from designating said document or material HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL TECHNICAL SAMPLE. Once redesignated, the redesignated material shall thereafter be treated as if it had originally been designated at the redesignated level. Following any redesignation of material, the party receiving such material shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies of, excerpts of, and notes related to any redesignated material from persons not entitled to receive it. Disclosure of such HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL TECHNICAL SAMPLE to persons not authorized to receive that information prior to receipt of the confidentiality designation shall not be deemed a violation of this Protective Order. In the event distribution has occurred to a person not under the control of a receiving party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the party deems the making of the request to be a useless act, the party shall promptly notify the disclosing party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

### E. Improper Disclosure

If material or information designated HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL TECHNICAL SAMPLE is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must

immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

### F. Final Disposition of Materials

Absent agreement by the Parties, unless the parties notify the Court pursuant to Paragraph 4 of the November 16, 2011 Stipulated Order that they wish to continue with this Action all HIGHLY CONFIDENTIAL INFORMATION and CONFIDENTIAL TECHNICAL SAMPLE materials that have been produced, served or otherwise made available by the designating party during the course of this action, together with all reproductions, copies (including copies provided by a receiving party to any other person), abstracts, indices or summaries of those materials, shall be destroyed. Counterclaim-Plaintiff shall confirm to Plaintiffs in writing such destruction within 15 days of a filing of a stipulation of dismissal of this Action. Notwithstanding the foregoing, if a dismissal of this Action is based on the content of any HIGHLY CONFIDENTIAL INFORMATION or information relating to or derived from CONFIDENTIAL TECHNICAL SAMPLE materials: until expiry of U.S. Patent Nos. 6,620,943 and 6,881,848  1) outside counsel of record for Counterclaim-Plaintiff may retain a single copy for their records of information relating to or derived from CONFIDENTIAL TECHNICAL SAMPLE materials;  2) the parties shall file under seal with the Court a copy of the HIGHLY CONFIDENTIAL INFORMATION; and 3) Counsel for Plaintiffs shall maintain a copy of the HIGHLY CONFIDENTIAL INFORMATION and shall make same promptly available to Counsel for

Counterclaim-Plaintiff, upon request. In each such instance where Counsel for Counterclaim-Plaintiff receives HIGHLY CONFIDENTIAL INFORMATION from Counsel for Plaintiffs after dismissal of this action (pursuant to 3) above), Counsel for Counterclaim-Plaintiff shall destroy such materials within 90 days after receipt (or a longer term if mutually agreed upon by the parties) and shall confirm to Counsel for Plaintiffs in writing such destruction. If the Parties notify the Court pursuant to Paragraph 4 of the November 16, 2011 Stipulated Order that they wish to continue with this Action all HIGHLY CONFIDENTIAL INFORMATION and CONFIDENTIAL TECHNICAL SAMPLE materials that have been produced, served or otherwise made available by the designating party during the course of this action, together with all reproductions, copies (including copies provided by a receiving party to any other person), abstracts, indices or summaries of those materials, shall continue to be governed by this Protective Order until the entry of a superseding protective order governing discovery generally in this Action.

### G. Entire Understanding

This Protective Order constitutes the entire understanding between the Parties and supersedes all previous understandings, agreements, communications and representations, whether written or oral, concerning the Evaluation, Purpose and the treatment of Confidential Information to which this Protective Order relates.

### H. Continuing Obligations

This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this action, unless otherwise ordered by the Court. The Court retains jurisdiction indefinitely over the parties, and any persons provided access to Confidential Materials under the terms of this Protective Order

(other than the designated BASF in-house counsel and chemists), with respect to any dispute over the improper use of such Confidential Materials and with respect to any orders permitting materials to be filed and maintained under seal. The disclosing parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an order: (i) modifying this Protective Order or (ii) seeking further protection against discovery or use of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL TECHNICAL SAMPLE materials, or other documents or information.

IT IS SO ORDERED

_____
CHIEF JUDGE GREGORY M. SLEET

**AGREED TO AND APPROVED FOR ENTRY**

/s/ John G. Day
John G. Day
Tiffany Geyer Lydon
Andrew C. Mayo
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel.: (302) 654-1888

*Attorneys for Plaintiffs Velcera, Inc. and FidoPharm, Inc.*

Of Counsel for Plaintiffs Velcera, Inc. and FidoPharm, Inc.:

Jonathan G. Graves
Phillip E. Morton
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190
Tel.: (703) 456-8000
jgraves@cooley.com
pmorton@cooley.com

Tryn T. Stimart
COOLEY LLP
777 6th Street, NW
Suite 1100
Washington, DC 20001
Tel.: (202) 842-7800
tstimart@cooley.com

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel.: (302) 651-7509
Fax: (302) 498-7509
E-mail: cottrell@rlf.com

*Attorneys for Defendant and Counterclaim-Plaintiff BASF Agro B.V., Arnhem (NL), Wädenswil Branch*

Of Counsel for Counterclaim-Plaintiff BASF Agro B.V., Arnhem (NL), Wädenswil Branch:

Kenneth A. Gallo
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel.: (202) 223-7300
Fax: (202) 223-7240
kgallo@paulweiss.com

Catherine Nyarady
Kripa Raman
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 373-3990
cnyarady@paulweiss.com
kraman@paulweiss.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VELCERA, INC. AND FIDOPHARM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MERIAL LTD. <br><br> Defendant, <br><br> and <br><br> MERIAL LTD., AND BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH, <br><br> Counterclaim- Plaintiffs, <br> v. <br><br> VELCERA, INC. AND FIDOPHARM, INC., <br><br> Counterclaim-Defendants. <br> and <br><br> VELCERA, INC. AND FIDOPHARM, INC., <br><br> Counterclaim- Plaintiffs, <br> v. <br><br> BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH, <br><br> Counterclaim-Defendant. | C.A. No. 11- 134- GMS <br><br><br> JURY TRIAL DEMANDED |

**NOTICE OF ADHERENCE TO STIPULATED PROTECTIVE ORDER FOR LIMITED MANUFACTURING PROCESS DISCOVERY**

I, _____, having been retained as a _____ of _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by other parties and/or non-parties, as defined in the Protective Order dated _____.

My address is _____. My present employer is _____. My present occupation or job description is _____. Attached is a copy of my current resume or curriculum vitae [not required for counsel].

I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the confidential information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such information.

I will return on request all materials containing confidential information, copies thereof and notes that I have prepared relating thereto, to outside counsel of record for the party with whom I am associated.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

Respectfully submitted,

Dated: _____  By: _____