IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VELCERA, INC. AND FIDOPHARM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MERIAL LIMITED, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |
| MERIAL LIMITED AND BASF AGRO, B.V., ARNHEM (NL), WÄDENSWIL BRANCH, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> VELCERA, INC. AND FIDOPHARM, INC., <br><br> Counterclaim-Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 11-134-GMS |
| VELCERA, INC. AND FIDOPHARM, INC., <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> BASF AGRO, B.V., ARNHEM (NL), WÄDENSWIL BRANCH, <br><br> Counterclaim-Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |

## STIPULATION AND ORDER

**WHEREAS** on February 11, 2011, Plaintiffs and Counterclaim Defendants Velcera, Inc. and Fidopharm, Inc. (collectively "Velcera") filed a complaint against Merial Limited ("Merial") seeking (i) declaratory judgments of noninfringement of U.S. Patent Nos. 6,096,329 ("the '329

Patent"), 6,620,943 ("the '943 Patent") and 6,881,848 ("the '848 Patent") (collectively, "the Patents-In-Suit") with respect to Velcera's planned fipronil-based animal health products that were approved for sale in the United States in January 2011 by the EPA; and (ii) declaratory judgments of invalidity of the Patents-In-Suit (D.I. 1);

**WHEREAS** on March 7, 2011, Merial filed an answer (D.I. 6) denying all of Plaintiffs' claims and together with BASF Agro B.V., Arnhem (NL), Wädenswil Branch, ("BASF") asserted counterclaims against Velcera alleging infringement of the Patents-In-Suit;

**WHEREAS** on March 31, 2011, Velcera filed its reply to the answer and counterclaims (D.I. 9). In its reply, Velcera denied all of BASF and Merial's claims and asserted counterclaims against BASF for declaratory judgment of noninfringement and invalidity of the '848 and '943 Patents;

**WHEREAS** on April 21, 2011, BASF filed its reply to Velcera's counterclaims, denying all of Velcera's counterclaims (D.I. 17);

**WHEREAS** on August 3, 2011, the Court, finding that subject matter jurisdiction did not exist for the claims related to the '329 patent and the PetArmor® Plus (fipronil plus methoprene) products, and that subject matter jurisdiction did exist for the claims related to the '848 and '943 Patents, ordered dismissal of Velcera's claims for declaratory judgment of noninfringement and invalidity of the '329 Patent and of BASF and Merial's counterclaim for infringement of the '329 Patent, and denied BASF and Merial's motion to dismiss the claims related to the '943 Patent, the '848 Patent, and the PetArmor® (fipronil-only) products (D.I. 38);

**WHEREAS** in a joint stipulation entered November 11, 2011 (the "November 11, 2011 Stipulation") the parties proposed, and the Court agreed, to stay the matter for a period of 90

days to allow for a procedure in which Velcera would provide limited discovery concerning the process for making any fipronil used in Velcera's products that it has made, used, sold or offered to sell in the United States, or has imported into the U.S., sufficient to allow BASF and Merial to evaluate whether such process implicates the remaining Patents-In-Suit ("Limited Process Discovery") (D.I. 42);

**WHEREAS** Velcera produced to BASF Limited Process Discovery pursuant to the terms of a Stipulated Protective Order (D.I. 49), consisting of a physical sample of the fipronil made by Velcera's fipronil supplier and of a confidential document setting forth the process used for making the fipronil supplied to Velcera. A copy of the document produced by Velcera is filed under seal as Exh. A to this Stipulation and Order, pursuant to the Stipulated Protective Order for Limited Manufacturing Process Discovery (D.I. 49);

**WHEREAS** Velcera represents that the Limited Process Discovery accurately sets forth and reflects the process for making any fipronil contained or incorporated in products that it has made, used, sold or offered to sell in the U.S., or has imported into the U.S.;

**WHEREAS** in light of the Limited Process Discovery and Velcera's representation above, Velcera, BASF and Merial have determined that it is in their best interest to resolve all remaining claims and counterclaims in this case.

**IT IS HEREBY STIPULATED**, subject to the approval of the Court, that:

(1) All remaining claims, defenses, and counterclaims raised by the Parties in this case, i.e., those relating to the '943 patent and the '848 patent, and the PetArmor® (fipronil-only)

products, are dismissed with prejudice, without costs and with each Party to bear its own attorneys' fees[1];

(2) The dismissal is without prejudice to BASF and/or Merial's ability to assert claims for patent infringement against Velcera regarding any processes for making fipronil other than that set forth by the Limited Process Discovery, and is without prejudice to Velcera's ability to assert declaratory judgment or other claims against BASF and/or Merial regarding any processes for making fipronil other than that set forth by the Limited Process Discovery;

(3) The Court retains jurisdiction to enforce the terms of this Stipulation and Order; and

(4) Nothing in this Stipulation and Order shall be construed in any way, nor may be used by any Party or third party against a Party, as an admission regarding the merits of any claim or counterclaim.

---

[1] While the Court's August 3, 2011 Order states that the Court "concludes that subject matter jurisdiction does not exist for the claims related to the '329 patent and the PetArmor Plus product," the dismissal in the Order does not specifically mention the PetArmor® Plus products or those portions of BASF and Merial's counterclaims for infringement of the '943 patent and the '848 patent that are directed to the PetArmor® Plus products. Rather, the Order states only that "Count I - Declaratory Judgment of Noninfringement of the '329 Patent - and Count II - Declaratory Judgment of Invalidity of the '329 Patent – of Velcera's complaint are dismissed" and "Count I - Claim For Infringement of the '329 Patent of the counterclaim filed by Merial and BASF is dismissed as moot." Thus, for the avoidance of doubt, to the extent that any claims remain relating to the alleged infringement of the '943 patent or the '848 patent by the PetArmor® Plus products, all such remaining claims are dismissed with prejudice, without costs and with each Party to bear its own attorneys' fees. To the extent all claims relating to the infringement of the '943 patent or the '848 patent by the PetArmor® Plus products did not remain in the case in light of the August 3, 2011 Order, the Parties stipulate and the Court orders that each Party covenants not to sue each opposing party on any claim or counterclaim that was asserted in this case relating to the infringement of the '943 patent or the '848 patent by the PetArmor® Plus products. The foregoing dismissals and covenants not to sue are without prejudice to BASF and/or Merial's ability to assert claims for patent infringement against Velcera regarding any processes for making fipronil other than that set forth by the Limited Process Discovery, and are without prejudice to Velcera's ability to assert declaratory judgment or other claims against BASF and/or Merial regarding any processes for making fipronil other than that set forth by the Limited Process Discovery. Nothing in this Order serves as a dismissal or release of any claim or counterclaim relating to the '329 patent.

| ASHBY & GEDDES | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| /s/ *John G. Day* | /s/ *Kelly E. Farnan* |

| | |
|---|---|
| John G. Day (#2403) | Frederick L. Cottrell, III (#2555) |
| Tiffany Geyer Lydon (#3950) | Kelly E. Farnan (#4395) |
| Andrew C. Mayo (#5207) | One Rodney Square |
| 500 Delaware Avenue, 8th Floor | 920 North King Street |
| P.O. Box 1150 | Wilmington, Delaware 19801 |
| Wilmington, Delaware 19899 | (302) 651-7509 |
| (302) 654-1888 | cottrell@rlf.com |
| jday@ashby-geddes.com | farnan@rlf.com |
| tlydon@ashby-geddes.com | |
| amayo@ashby-geddes.com | *Attorneys for Defendant and Counterclaim-Plaintiff Merial Limited and Counterclaim-Plaintiff BASF Agro B.V., Arnhem (NL), Wädenswil Branch* |
| *Attorneys for Plaintiffs Velcera, Inc. and FidoPharm, Inc.* | |

**SO ORDERED**, this 11th day of April, 2012.

_____
Chief Judge